Peck, J.,
delivered the opinion of the court:
The petitioner, a resident of Wheeling, West Virginia, represents that in the year 1865 he was regularly appointed by the court, pending certain judicial proceedings, a trustee, and in possession under that appointment of certain premises in Wheeling known as the “Old Dominion Pork-house and Distillery.” That about the 6th of March, 1865, the United States, being in need of buildings for quarters and as a general rendezvous for volunteers in the military service, took possession of the premises during his absence; that on his return to Wheeling an agreement was made for the lease of said premises to the United States, at the rental of one hundred and twenty-five dollars per month, which was reduced to writing and signed by Captain E. P. Hudson, of the Veteran Eeserve Corps, and superintendent of recruiting service, the premises to be returned in good order, &c.; the lease to be terminated at the pleasure of the Provost Marshal General of the United States. No objection was made to the lease by this or any other officer. The *528 building was occupied from the 6th. of March to the 6th of September, 1865, a period of six months. The claimant alleges that damage was done to the buildings to the extent of six hundred dollars.
There is no dispute about the time the premises were occupied. The excuse for non-payment of rent is, that the premises were made better by the United States to the value of the rent. Of this there is not only no proof, but there is ample proof to the contrary.'
The building was erected for a distillery, and although it had not recently been occupied for that purpose, it is clearly proved that while the United States occupied it under the lease, the damage to the building, fixtures, and mechanical apparatus in it, lumber, &c., was six hundred dollars.
The building was taken possession of by the United States without the knowledge of the claimant, and of course without any understanding with him that the building was tenantable as a dwelling. The lease was subsequently executed with a full knowledge of the condition of the premises and their fitness for use. There is no evidence that repairs were to have been made by the lessor, or by the United States, at his expense.
A tenant who intrudes himself into the occupation of a building erected for a distillery, and uses it as a dwelling, ought not to complain if he does not find it in all respects adapted to his purposes. Nor should he be heard to complain of the consequences of his own trespass.
The building is shown to have been well worth the rent that the United States promised to pay for its use.
There is a large correspondence in the record from the War Department connected with this claim, but nothing which denies the contract or the occupation.
There was a court of inquiry held by officers appointed to investigate the use and occupation, the amount of repairs, damages done, &c., but they never reported their conclusions.
The controversy among the officers of the army was as to the fund out of which the rent and damages should be paid, some insisting that the quartermasters should pay, and some that the recruiting service should do so, and others that it should be distributed between these funds; by reason of these differ- *529 enees it came to be asserted that no payment at all should be made.
We do not see any sufficient objection by any or all of these officers to prevent a recovery.
We direct a judgment for the full amount proved, viz: $1,350.